**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**FEDERAL DEPOSIT INSURANCE
CORPORATION,**

                    **Plaintiff,**

**-vs-**                                            **Case No. 6:12-cv-1816-Orl-28DAB**

**HORIZONS TITLE GUARANTY
AGENCY, INC.,**

                    **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR DEFAULT FINAL JUDGMENT (Doc. No. 13)**
>
> **FILED:**       **May 21, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part**.

As set forth in the motion, Plaintiff, The Federal Deposit Insurance Corporation, as Receiver for AmTrust Bank ("FDIC"), brought this action to recover losses incurred in connection with loans funded by AmTrust, for which Defendant acted as the closing agent. The Complaint was served on Defendant (Doc. 7), but no Answer was filed. A Clerk's default was entered on February 8, 2013 (Doc. 9).[1] Plaintiff now moves for entry of default judgment. The motion is supported by the

---

[1] After entry of default, Defendant filed a motion for extension of time to answer the Complaint (Doc. 10). On February 12, 2013, the Court denied the motion as untimely, but the denial was without prejudice to the filing a motion to vacate the default (Doc. 12). No motion to vacate the default (or for any other relief) has been filed in the more than three months since that Order. Further, no response to the instant motion for entry of judgment has been filed.

Declaration of Thomas M. Ruane (Doc. 15), and exhibits (Doc. 17). No response to the motion has been filed.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

*The allegations of the Complaint*

Applied here, the Complaint alleges the following material facts, all of which are admitted by virtue of the default. AmTrust was closed by the Office of Thrift Supervision and the FDIC was appointed as Receiver pursuant to 12 U.S.C. § 1464(d)(2)(A) and 12 U.S.C. § 1821(c)(5). Plaintiff owns the subject claims and has standing to prosecute this action as Receiver for AmTrust. As receiver, the FDIC-R is tasked with the obligation to recover losses incurred as a result of AmTrust's operations, including losses resulting because of loans funded by AmTrust (Doc. 1, ¶¶ 2-4).

AmTrust funded a mortgage loan to borrower Luis Carabali. ¶¶ 7-9. In exchange for a fee, Defendant ("Horizons") agreed to serve as the closing agent in connection with the closing of the Carabali Loan, and agreed to abide by AmTrust's closing instructions, which included the Master Closing Instructions and the Supplemental Closing Instructions (collectively the "Carabali Closing Instructions"). By agreeing to conduct the closing of the Carabali Transaction and accepting the Carabali Closing Instructions, Horizons assumed fiduciary and contractual duties to AmTrust. ¶¶ 10-17. Horizons breached these duties by making improper disbursements and closed the loan in a

manner inconsistent with the Closing Instructions, and AmTrust was damaged thereby. ¶¶ 18-24, 50, 57, 65.

Amtrust also funded a mortgage loan to borrower Armando Telarroja. ¶¶ 27-29.  In exchange for a fee, Horizons agreed to serve as the closing agent in connection with the closing of the Telarroja Loan, and agreed to abide by AmTrust's closing instructions, which included the Master Closing Instructions and the Supplemental Closing Instructions (collectively the "Telarroja Closing Instructions"). By agreeing to conduct the closing of the Telarroja Transaction and accepting the Telarroja Closing Instructions, Horizons assumed fiduciary and contractual duties to AmTrust. ¶¶ 30-37.  Horizons breached these duties by making improper disbursements and closed the loan in a manner inconsistent with the Closing Instructions, and AmTrust was damaged thereby. ¶¶ 38-46, 50, 57, 65.

According to the uncontroverted Declaration of Thomas M. Ruane, an investigator employed by Plaintiff, the FDIC-R has been damaged in the amount of $314,510.20, due to the breaches committed by Horizons (Doc. 15).  Plaintiff seeks judgment in this amount, together with an unspecified amount of prejudgment interest from January 9, 2009.

The allegations and the proof establish that Defendant owes Plaintiff the amount asserted and entry of a judgment is appropriate, as to the principal amount sought.  There is no showing, however, as to the amount of prejudgment interest claimed to be owed, nor is there any basis asserted by which the Court could calculate same. Therefore, it is **respectfully recommended** that the motion be **granted**, **in part,** and that the Court direct the entry of judgment in the amount of $314,510.20, plus costs of action, to be taxed in the usual course.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 7, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy